**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRES VIRGEN-GONZALEZ, | No. CV 26-3180-SSS(E) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| MARKWAYNE MULLIN, ETC., ET AL., | OF UNITED STATES MAGISTRATE JUDGE |
| Respondents. | |

This Report and Recommendation is submitted to the Honorable Sunshine Suzanne Sykes, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

Petitioner, then a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition") on March 24, 2026. Respondents filed an Answer on April 17, 2026. Petitioner did not file a timely Reply.

///

## BACKGROUND

Petitioner is a citizen and national of Mexico who was granted protection under the Convention Against Torture in 2023.  At that time, Petitioner was placed on an order of supervision.  Petitioner complied with all conditions of that supervision.

Nevertheless, on March 24, 2026, ICE revoked supervision and re-detained Petitioner without prior notice and in the absence of any showing of changed circumstances material to the order of supervision.  Although Petitioner is a Spanish speaker who is not proficient in English, no interpreter was then provided to him.  As Petitioner later learned when a bilingual detainee translated English language documents given to Petitioner, the Government is seeking to remove Petitioner to an (unspecified) third country.

On April 10, 2026, the District Judge filed an "Order Granting Petitioner's Ex Parte Application for Temporary Restraining Order" ("the April 10, 2026 Order").  The April 10, 2026 Order ruled that Petitioner was likely to succeed on the merits of his claims that his re-detention violated due process and applicable regulations.  The April 10, 2026 Order required Respondents to release Petitioner from ICE detention and enjoined Respondents from again detaining Petitioner without notice and a pre-detention hearing.  Respondents reportedly released Petitioner from detention on April 10, 2026.

Respondents' Answer to the Petition does not brief the merits of Petitioner's claims.  The Answer argues only that Petitioner's April 10, 2026 release from detention assertedly mooted the Petition.

///
///
///
///

2

**DISCUSSION**

I.    <u>The Petition is Not Moot.</u>

The granting of a TRO or a preliminary injunction does not moot the merits of a habeas petition.  See <u>Nielsen v. Preap</u>, 586 U.S. 392, 403 (2019) (plurality opinion stating that an immigration detainee's release on bond following a preliminary injunction did not moot a habeas petition where the preliminary injunction had not been made permanent); <u>accord</u> <u>Cruz v. Lyons</u>, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025); <u>Ortiz Martinez v. Wamsley</u>, 2025 WL 2899116, at *3-4 (W.D. Wash. Oct. 10, 2025).  The interim injunctive relief granted in the present case pending a final adjudication of the Petition would not be of any continuing legal effect if this case were closed without further action or judgment.  See <u>Rodriguez v. 32nd Legislature of Virgin Islands</u>, 859 F.3d 199, 207 (3d Cir. 2017) ("[a] preliminary injunction cannot survive the dismissal of a complaint") (quoting <u>Venezia v. Robinson</u>, 16 F.3d 209, 211 (7th Cir.), <u>cert. denied</u>, 513 U.S. 815 (1994)); <u>Wyandotte Nation v. Sebelius</u>, 443 F.3d 1247, 1253 n.10 (10th Cir. 2006) (preliminary injunction "is ipso facto dissolved by a dismissal of the complaint or the entry of a final decree in the cause") (quoting <u>Fundicao Tupy S.A. v. United States</u>, 841 F.2d 1101, 1103 (Fed. Cir. 1988)).  Accordingly, because Petitioner faces a threat of unlawful re-detention absent permanent injunctive relief, the Petition continues to present concrete, collateral consequences that may be redressed.  See <u>id.</u>; see also <u>Abdala v. I.N.S.</u>, 488 F.3d 1061, 1064 (9th Cir. 2007), <u>cert. denied</u>, 552 U.S. 1267 (2008) ("For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition.").

In similar circumstances, other judges of this Court have reached the conclusion that a former immigration detainee's habeas corpus petition was not mooted by interim injunctive relief resulting in the petitioner's release from incarceration.  See, e.g., <u>Min v. Santacruz</u>,

2026 WL 712965, at *2-3 (C.D. Cal. March 9, 2026), adopted, 2026 WL 1094758 (C.D. Cal. Apr. 22, 2026); Carballo v. Semaia, 2026 WL 381608 (C.D. Cal. Feb. 10, 2026); Im v. Semaia, 2026 WL 183856 at *1 (C.D. Cal. Jan. 23, 2026); N.Y.V.D. v. Santracruz, 2026 WL 45268 (C.D. Cal. Jan. 6, 2026); Cruz v. Lyons, 2025 WL 3443146 (C.D. Cal. Dec. 1, 2025); but see Hernandez Trujillo v. Janeka, 2026 WL 84314 (C.D. Cal. Jan. 12, 2026) (challenge to prolonged detention deemed mooted by release).

Furthermore, release from incarceration is not the only relief which properly may be sought by a habeas petition.  See 28 U.S.C. § 2243 ("the court shall . . . dispose of the matter as law and justice require"); Carafas v. LaVallee, 391 U.S. 234, 238-39 (1968) ("once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings . . ."; section 2243 contemplates "the possibility of relief other than immediate release from physical custody").  Here, the Petition appears to seek procedural protections not only against re-detention but also against removal to a third country.

II.     **Petitioner's March 24, 2026 Arrest and Ensuing Detention Violated Applicable Regulations and Petitioner's Due Process Rights.**

For the same reasons set forth in the District Judge's April 10, 2026 Order, Petitioner's March 24, 2026 arrest and ensuing detention violated applicable regulations and Petitioner's due process rights.  Habeas relief should issue regarding Petitioner's challenge to the legality of his arrest and detention.

///

///

///

///

///

4

### III.    Petitioner is Also Entitled to Habeas Relief Regarding the Attempt to Remove Him to a Third Country.

"Courts in this District and others have repeatedly ruled that detainees have due process rights to notice and an opportunity to be heard before being deported to a third country."  Abramian v. Bondi, 2026 WL 166907, at *7 (C.D. Cal. Jan. 16, 2026).  "This flows from the rule that '[i]mmigration proceedings must provide the procedural due process protections guaranteed by the Fifth Amendment.'"  Id. (citing and quoting Vilchez v. Holder, 682 F.3d 1195, 1199 (9th Cir. 2012)).  "Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."  Andriasian v. I.N.S., 180 F.3d 1033, 1041 (9th Cir. 1999).

In the present case, Petitioner has requested, but has not received, a hearing before an immigration judge regarding possible removal to a third country (for purposes of seeking withholding of deportation or otherwise).  Due process requires that he receive the opportunity for such a hearing.  See, e.g., Castillo v. Chestnut, 2026 WL 121652 (E.D. Cal. Jan. 16, 2026); Abubaka v. Bondi, 2025 WL 3204369, at *6-7 (W.D. Wash. Nov. 17, 2025).

### RECOMMENDATION

For all of the foregoing reasons, it is recommended that the Court issue an order: (1) accepting and adopting this Report and Recommendation; and (2) directing that Judgment be entered granting the Petition in part and:  (a) declaring that ICE's previous detention of Petitioner violated applicable regulations and Petitioner's due process rights; (b) enjoining Respondents from again detaining Petitioner without notice and a pre-detention hearing where the Government bears the burden of proving, by clear and convincing

evidence, that the circumstances have changed as to his danger to the community or flight risk, and that no conditions other than his detention would be sufficient to prevent those harms; and (c) restraining Respondents from removing Petitioner to a third country without reasonable notice and an opportunity to be heard before an immigration judge.[1]

DATED:  May 5, 2026.

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1]      With the possible exception of a motion for attorneys fees under the Equal Access to Justice Act, (a motion to be directed to the District Judge after the entry of judgment (see General Order 05-07, p. 7)), Petitioner has not justified any different or additional relief on the present record.

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ANDRES VIRGEN-GONZALEZ,

　　　　Petitioner,

　　v.

MARKWAYNE MULLIN, ETC., ET AL.,

　　　　Respondents.

No. CV 26-3180-SSS(E)

ORDER ACCEPTING FINDINGS,

CONCLUSIONS AND RECOMMENDATIONS

OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which any objections have been made. The Court accepts and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that: (1) the Report and Recommendation is accepted and adopted; and (2) Judgment shall be entered granting the Petition in part, and: (a) declaring that ICE's previous detention of Petitioner violated applicable regulations and Petitioner's due process rights; (b) enjoining Respondents from again detaining Petitioner without notice and a pre-detention hearing where the Government bears the burden of proving, by clear and convincing evidence, that the circumstances have changed as to his danger to the community or flight

risk, and that no conditions other than his detention would be sufficient to prevent those harms; and (c) restraining Respondents from removing Petitioner to a third country without reasonable notice and an opportunity to be heard before an immigration judge.

IT IS FURTHER ORDERED that the Clerk serve forthwith a copy of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner, counsel for Petitioner and counsel for Respondents.

LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: _____, 2026.


_____
SUNSHINE SUZANNE SYKES
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRES VIRGEN-GONZALEZ, | No. CV 26-3180-SSS(E) |
| Petitioner, | |
| v. | JUDGMENT |
| MARKWAYNE MULLIN, ETC., ET AL., | |
| Respondents. | |

IT IS ADJUDGED that the Petition is granted in part:  (a) ICE's previous detention of Petitioner violated applicable regulations and Petitioner's due process rights; (b) Respondents are enjoined from again detaining Petitioner without notice and a pre-detention hearing where the Government bears the burden of proving, by clear and convincing evidence, that the circumstances have changed as to his danger to the community or flight risk, and that no conditions other than his detention would be sufficient to prevent those harms; and

///

///

///

///

///

///

(c) Respondents are restrained from removing Petitioner to a third country without reasonable notice and an opportunity to be heard before an immigration judge.

DATED: _____, 2026.

_____
SUNSHINE SUZANNE SYKES
UNITED STATES DISTRICT JUDGE

2